IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| WILLIAMS MULLEN )<br>)<br>   Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT )<br>OF JUSTICE )<br>)<br>)<br>   Defendant. ) | Civil Action No. |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Williams Mullen, by counsel hereby files this Complaint to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and to enjoin Defendant from withholding from disclosure certain records within the possession and control of the United States Department of Justice ("DOJ"). As grounds therefor, Williams Mullen alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Williams Mullen is a law firm with offices throughout the mid-Atlantic region. Williams Mullen represented Michael J. Hopmeier and Unconventional Concepts, Inc., in

various matters, including the FOIA request at issue in this Complaint. Remenick PLLC represents Mr. Hopmeier and UCI in the matter before this Court.

4. Defendant DOJ is an agency of the United States government and has offices in Baltimore, MD. The DOJ and, specifically, the U.S. Attorney for the District of Maryland is in possession, custody and control over records to which Williams Mullen seeks access.

## STATEMENT OF FACTS

### Williams Mullen's July 2007 FOIA Request

5. On July 31, 2007, Williams Mullen sent the U.S. Attorney for the District of Maryland a FOIA request seeking access to any and all records concerning or relating to Unconventional Concepts, Inc. ("UCI") and Michael J. Hopmeier. A copy of Williams Mullen's FOIA request is attached hereto as Exhibit 1 and is incorporated herein by reference.

6. On August 2, 2007, the U.S. Attorney responded by asking that the inquiries be addressed to the Department of Justice ("DOJ") through the Executive Office for United States Attorneys. A copy of the letter is attached hereto as Exhibit 2 and is incorporated herein by reference.

7. On August 15, 2007, the DOJ requested a Waiver signed by Mr. Hopmeier and split the request into two files, 07-2614 and 07-2615. A copy of the letter is attached hereto as Exhibit 3 and is incorporated herein by reference.

8. On August 21, 2007, request 07-2615 was denied because release of the records would be in violation of the Privacy Act. A copy of the denial is attached hereto as Exhibit 4 and is incorporated herein by reference.

9. On December 26, 2007 request 07-6214 was denied under (j)(2) of the Privacy Act and FOIA exemptions (b)(7)(A), (b)(2), (b)(5), (b)(7)(C), (b)(7)(D) and (b)(7)(F) as DOJ

investigation of Mr. Hopmeier and UCI was ongoing. Additionally, a release was required from Mr. Hopmeier. A copy of the denial is attached hereto as Exhibit 5 and is incorporated herein by reference.

10. On January 28, 2008, Williams Mullen submitted the waiver and release signed by Mr. Hopmeier. A copy of the letter, waiver, and release is attached hereto as Exhibit 6 and is incorporated herein by reference.

### United States Department of Justice Completes the Investigation

11. By letter dated July 7, 2009, the United States Department of Justice informed Mr. Hopmeier's attorney, Mr. Christopher B. Mead, that they *"have completed [their] investigation of allegations that Unconventional Concepts, Inc. ("UCI"), Michael Hopmeier, and others violated federal criminal law in securing and completing a number of contracts and cooperative agreements with the United States."* No further action was taken in the investigation. A copy of the letter from the Department of Justice is attached hereto as Exhibit 7 and is incorporated herein by reference.

### Williams Mullen's August 31 FOIA Resubmission

12. On August 31, 2009, Williams Mullen resubmitted its FOIA request to the DOJ, explaining that the investigation against Mr. Hopmeier and UCI was closed. A copy of the resubmission letter is attached hereto as Exhibit 8 and is incorporated herein by reference.

13. On December 3, 2009, a full three months later the US Department of Justice informed Williams Mullen it identified 185 boxes of documents in response to FOIA request number 09-3373 and that they would release all records if Williams Mullen agreed to pay the

copy fee. A copy of the letter is attached hereto as Exhibit 9 and is incorporated herein by reference.

14. On December 10, 2009, Williams Mullen responded by clarifying that the request was for all documents except for the boxes of information seized from Unconventional Concepts Inc. and Mr. Hopmeier. A copy of the letter is attached hereto as Exhibit 10 and is incorporated herein by reference.

15. On January 6, 2010, the DOJ responded stating that a response would be forthcoming within 20 days. A copy of the letter is attached hereto as Exhibit 11 and is incorporated herein by reference.

16. On March 31, 2010, Plaintiff wrote to the DOJ inquiring as to why, seven months after submitting its valid request to DOJ and three months after clarifying that request, Plaintiff's counsel has yet to receive any response or any responsive documents. A copy of the letter is attached hereto as Exhibit 12 and is incorporated herein by reference.

17. On April 23, 2010, yet another month later, the DOJ sent a letter to Williams Mullen stating there are 16 boxes of responsive documents and requesting an initial payment of $448 for searching fees. A copy of the letter is attached hereto as Exhibit 13 and is incorporated herein by reference.

18. On April 29, 2010, Plaintiff sent the DOJ a letter containing a check for $448 and confirming that all necessary copying charges would be paid once the documents were produced. A copy of the letter is attached hereto as Exhibit 14 and is incorporated herein by reference.

19. On May 21, 2010, the Treasurer of the United States cashed Plaintiff's check. A copy of the cashed check is attached hereto as Exhibit 15 and is incorporated herein by reference.

20. On July 12, 2010, approximately three months after Plaintiff paid for the documents and in response to a telephone discussion with the FOIA officer for DOJ, Plaintiff's

counsel received an email from that officer stating that the DOJ FOIA office in Washington, DC had received two boxes of responsive documents from the District of Maryland. A copy of the e-mail is attached hereto as Exhibit 16 and is incorporated herein by reference.

21. On July 13, 2010, Plaintiff received another email from the DOJ FOIA officer stating *"that is should not take more than a couple of weeks to finish the processing..."* of the two boxes of documents. A copy of the e-mail is attached hereto as Exhibit 17 and is incorporated herein by reference.

22. On August 27, 2010, six weeks after receiving DOJ's written assurance that documents would be forthcoming within two weeks and now three years after submitting the original FOIA request, Plaintiff sent to DOJ a follow-up letter stating that Plaintiff had not received any documents from the DOJ and requesting an explanation for the delays and a date upon which production of the requested documents would begin. A copy of the letter is attached hereto as Exhibit 18 and is incorporated herein by reference. As of the date of the filing of this complaint, no responsive documents and no response to the August 27th letter have been received.

## COUNT 1
(Violation of FOIA)

23. Plaintiff realleges paragraphs 1 through 22 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court:

(1) declare Defendant's failure to comply with FOIA to be unlawful;

(2) enjoin Defendant from continuing to withhold records responsive to Plaintiff's August 31, 2009 FOIA requests and order Defendant to immediately produce all responsive records improperly withheld from Plaintiff without further delay or charge;

(3)     award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4)     grant such other relief as the Court deems just and proper.

Dated: September 13, 2010

Respectfully submitted,
REMENICK PLLC

By: _____
James Remenick
MD Bar ID No. 09482
1025 Thomas Jefferson St., NW, Suite 175
Washington, DC 20007
Tel: (202) 570-7380
Fax: (888) 570-7381
jremenick@remenicklaw.com